UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 13-CR-20630-MOORE/ELFENBEIN

**UNITED STATES OF AMERICA**,

v.

**CALVIN MATCHETT**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** came before the Court for a revocation hearing on November 14, 2024, upon a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"), ECF No. [80], as to Defendant, Calvin Matchett ("Defendant").[1]

### RELEVANT BACKGROUND

Defendant was convicted on January 24, 2014, of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. [53]. He originally commenced supervision on April 30, 2021, and was scheduled to terminate supervision on April 29, 2023. On October 27, 2022, the Court revoked the Defendant's period of supervised release and sentenced him to the custody of the Bureau of Prisons for a term of six months' imprisonment followed by a term of 30 months of supervised release. *See* ECF No. [99]. His new term of supervised release commenced on April 25, 2023. *See* ECF No. [100].

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant Calvin Matchett, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. ECF No. [87].

1

On December 11, 2023, the United States Probation Office ("Probation") notified the Court of various violations of the Defendant's conditions of supervised release and the Court issued a warrant for his arrest. *See* ECF Nos. [100] and [101]. On September 4, 2024, Defendant made his initial appearance in the Northern District of Georgia at which time the Federal Defender was appointed. *See* ECF No. [102]. The Government thereafter moved for detention, which was granted, and the Defendant waived his preliminary and identity hearings. *Id.* During his initial appearance in the Southern District of Florida on October 16, 2024, the Court again appointed the Federal Defender, and the Defendant stipulated to pretrial detention and waived his probable cause hearing. *See* ECF Nos. [104] and [105]. Defense counsel thereafter filed a Notice of Admission of Supervised Release Violations, setting forth the Defendant's intention to admit the violations. *See* ECF No. [109]. The undersigned conducted the revocation hearing on November 15, 2024. ECF No. [110].

The violations alleged in the Petition are as follows:

1. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On August 2, 2023, the defendant submitted a urine specimen which tested positive for the presence of marijuana in the local laboratory; and subsequently confirmed positive by Alere Toxicology Services, Incorporated.

2. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. [On] September 8, 2023, the defendant submitted a urine specimen which tested positive for the presence of marijuana in the local laboratory; and subsequently confirmed positive by Alere Toxicology Services, Incorporated.

3. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On October 31, 2023, the defendant failed to report to the probation office as directed on October 26, 2023.

4. **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about November 2023, the defendant moved from his approved residence of 165 Chaucer Parkway, Fayetteville, Georgia and his whereabouts are unknown.

ECF No. [100] at 1-2.

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officer Joslyn Wilkerson, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. At the start of the hearing, Defendant indicated his intention to admit to all the violations as alleged in the Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to the violations in the Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to two years' imprisonment, followed by supervised release of up to three years, as set forth in 18 U.S.C. § 3583(b)(2). Defendant acknowledged that he understands the maximum penalties. Accordingly, based on the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to all violations as charged in the Petition, ECF No. [100].

The parties will have **three (3) days**[2] from the date of service of this Report and

---

[2] At the revocation hearing, counsel for the Defendant asked the Court to shorten the time period for objections to the Report and Recommendation. The Government had no objection to the Defendant's request. As a result, I have shortened the objections period to three business days. *See Nadeau v. Condo Black Book, LLC*, No. 23-CV-21271, 2023 WL 3293038, *1 (S.D. Fla. May 5, 2023) (allowing three days for objections when the plaintiff's request for a temporary restraining order was ex parte); *MCM Entertainment, Inc. v. Diaz World Trade Group, Inc.*, No. 22-CV-23189, 2023 WL 2917752, *1 (S.D. Fla. Apr. 11, 2023) (shortening period of time to file objections when both parties agreed at the hearing to a truncated time period); *United States v. Leonard*, No. 18-CR-484, 2019 WL 4401264, *6, n. 3 (March 27, 2019) (giving the parties less than 14 days to file objections to the report and recommendation given the proximity of the trial date).

Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida on November 18, 2024.

                                                   **MARTY FULGUEIRA ELFENBEIN**
                                                   **UNITED STATES MAGISTRATE JUDGE**

Copies to:
Hon. K. Michael Moore, U.S. District Judge
Counsel of Record